UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darwin Eldridge Anderson, | Case No. 22-cv-3005 (NEB/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota and County of Ramsey, | |
| Defendants. | |

This matter is before the Court on Petitioner Darwin Eldridge Anderson's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1) and Respondents' Motion to Dismiss ("Motion") (ECF No. 10).[1] Mr. Anderson alleges his attorney's performance was ineffective and seeks to withdraw his guilty plea (*see* ECF No. 1 at 5). Because Mr. Anderson has procedurally defaulted his ineffective assistance of counsel claim, the Court recommends dismissing Mr. Anderson's Petition and granting Respondents' Motion.

**I.   Background**

In March 2020, the State charged Mr. Anderson with five counts, including: first-degree premeditated murder; first-degree murder—drive by shooting; second-degree murder; attempted second-degree murder; and felon in possession of a firearm (*see* ECF No. 1-1 at 3–4).[2] Mr. Anderson ultimately agreed to a negotiated plea requiring him to plead guilty to one count of second-degree murder and one count of attempted second degree murder (*see* ECF No. 14 at 1–

---

[1] The Court typically considers whether to grant or dismiss a habeas petition based on the petition and the respondent's responsive pleading. A motion to dismiss such as that filed by Respondents in this case is unnecessary.

[2] For clarity, the Court cites to page numbers as docketed in ECF and not to the page numbers appearing at the bottom of docketed exhibits.

1

32). The State, in turn, agreed to dismiss the two first-degree murder counts and the felon in possession count, and further agreed to recommend concurrent sentences. (*See id.*)

Assistant Ramsey County Public Defender Jeremy Plesha represented Mr. Anderson at his November 12, 2020 plea hearing. During the hearing, Mr. Anderson testified that he was thinking clearly, had time to think through the plea agreement, was not being forced to plead guilty, and was pleading guilty under his own free will. (*Id.* at 4–5.) In response to Mr. Plesha's questions, Mr. Anderson confirmed that he was pleading guilty, at least in part, because he was accepting responsibility for his conduct. (*See id.* at 8; *see also id.* at 26.) He then pled guilty to second-degree murder and attempted second degree murder (*id.* at 9), and provided a factual basis for his guilty plea (*see id.* at 10–27). Upon receiving Mr. Anderson's testimony, the trial court concluded Mr. Anderson had made a competent, knowing, voluntary, and intentional waiver of his trial rights and that the factual basis Mr. Anderson provided for his plea established he was guilty of second-degree murder and attempted second-degree murder. The court then set a date for Mr. Anderson's sentencing hearing. (*Id.* at 28.)

Instead of pleading guilty, however, Mr. Anderson later indicated that he wanted to withdraw his guilty plea (*see* ECF No. 1-3 at 2). On March 26, 2021, the court held a hearing on Mr. Anderson's motion to withdraw his plea, with new counsel Eric Sandvick present to represent him. (*See id.* at 1–2.) At that hearing, Mr. Sandvick asserted that Mr. Anderson and Mr. Plesha "did not see eye to eye on the strategy to employ [in his] case [as it] headed towards the possibility of trial." (*Id.* at 4.) Mr. Sandvick further explained that Mr. Anderson believed his differences with Mr. Plesha's vision for how to proceed, in conjunction with the additional stress Mr. Anderson felt from being held in pretrial custody and contracting COVID-19, caused him to plead guilty involuntarily. (*Id.* at 4–5.) In response to the judge's questions, Mr. Anderson addressed

the court directly, stating that he felt Mr. Plesha was manipulating him. Mr. Anderson further alleged Mr. Plesha had encouraged him to lie about the factual basis for his plea at the plea hearing to ensure it would be accepted. (*Id.* at 12–13.)

In response, the State argued that because Mr. Anderson's plea was accurate, intelligent and voluntary, his request to withdraw the plea should be denied under Minnesota Rule of Criminal Procedure 15.05. (*Id.* at 6–12.) The State noted Mr. Anderson had confirmed on the record that his plea was not the result of improper pressure or coercion and that he was satisfied with his counsel's performance. (*Id.* at 6–7.) He was neither claiming he had to rush his decision, nor that anything improper was promised to him in exchange for his plea. (*Id.* at 7–8.) The State further argued that neither differences in opinion about trial strategy nor the outside stressors Mr. Anderson faced at the time he pled guilty are a valid basis for withdrawal, and that granting the motion would prejudice the State because a key witness in its case-in-chief was now living in another state. (*Id.* at 8–10.) The State further opined that the plea agreement Mr. Plesha negotiated, in the context of the charges Mr. Anderson was facing, was a "pretty good" deal. (*Id.* at 6–7.)

The judge, having heard and considered the arguments on each side, denied Mr. Anderson's request to withdraw his plea. (*Id.* at 13–15.) In so holding, she concluded that Mr. Anderson had not established a basis under Minnesota Rule of Criminal Procedure 15.05 to warrant withdrawal, that the State's arguments against withdrawal ultimately outweighed the reasons provided by Mr. Anderson, and that, based on her experience, Mr. Anderson had received an unusually good plea agreement under the circumstances. (*See id.*) Having denied Mr. Anderson's request, the judge sentenced Mr. Anderson to serve a sentence of 213 months. (*Id.* at 22.)

With the assistance of counsel, Mr. Anderson appealed his conviction and sentence to the Minnesota Court of Appeals. *State v. Anderson*, 2022 WL 1132054 (Minn. Ct. App. April 18, 2022), *review denied* (June 29, 2022). He argued the district court erred in denying his motion to withdraw his guilty plea because: (1) he did not have adequate time to review the evidence against him or prepare for trial; (2) his counsel at the time of his plea was ineffective because counsel did not adequately investigate Mr. Anderson's case; and (3) the factual basis for his plea was inadequate because he lacked the intent to commit attempted second-degree murder. *See id.* at *1–*2. The Court of Appeals rejected each of these arguments. *Id.*

Again with the assistance of counsel, Mr. Anderson petitioned the Minnesota Supreme Court for review (ECF No. 1-1). Mr. Anderson raised only one issue in his petition: whether the lower courts erred in applying the "transferred intent doctrine" when they determined that a factual basis existed for Mr. Anderson's attempted second-degree murder plea based on his intent to kill one victim when he unintentionally wounded the other (ECF No. 1-1 at 3, 6-7). The Minnesota Supreme Court denied Mr. Anderson's Petition for Review. *See Anderson*, 2022 WL 1132054, at *1.

## II.  Legal Standard

The standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for a successful habeas petition under section 2254 is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citations omitted). Under 28 U.S.C. § 2254(d)(1), a federal court may grant habeas relief only when a state court's decision on the merits: (i) "resulted in a decision that was contrary to … clearly established Federal law, as determined by the Supreme Court of the United States;" or (ii) "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." Clearly established federal

law "includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *Woods*, 575 U.S. at 316 (citation and quotation omitted) (brackets added). "Where Supreme Court decisions 'provide no categorical answer' to the issue at hand and do not 'squarely address[] the issue' presented, federal law is not clearly established for purposes of a § 2254 petition." *Young v. Symmes*, 06-cv-4246 (JRT/JJG), 2008 WL 4748569, at *2 (D. Minn. Oct. 28, 2008) (quoting *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008)) (bracket in *Young*).

A state court decision is 'contrary to' clearly established federal law when, for example, the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases[,]" or when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedents." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000) (brackets added). In contrast, a state court decision constitutes an 'unreasonable application' of clearly established federal law when a state court "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Williams*, 529 U.S. at 413) (brackets in *Worthington*). Under the unreasonable application clause, "relief is available … if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question[.]" *White v. Woodall*, 572 U.S. 415, 427 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

In determining whether a claim is contrary to or an unreasonable application of federal law, "a federal court is bound by the state court's factual findings unless the state court made a 'decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Cole v. Roper*, 783 F.3d 707, 711 (8th Cir. 2015) (quoting 28

5

U.S.C. § 2254(d)(2)). "Factual determinations made by state courts are presumed correct and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence." *Id.* (citations omitted).

### III. Analysis

Mr. Anderson argues he was wrongly convicted and that he should have been allowed to withdraw his plea because his counsel at the time of his plea was so ineffective as to violate the Sixth Amendment of the U.S. Constitution (ECF No. 1 at 5). He argues his attorney failed to adequately support him and that his struggles with depression and mental illness made him incapable of comprehending what was going on. (*Id.*) He further alleges his attorney manipulated him and encouraged him to lie to ensure that the State and the trial court would accept the plea. (*Id.*) For the reasons given below, the Court finds Mr. Anderson has procedurally defaulted his ineffective assistance of counsel claim and recommends Mr. Anderson's habeas Petition be dismissed.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Prior to seeking federal habeas relief, "a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas corpus relief in federal court." *Walker v. Bosch*, 22-cv-1595 (WMW/LIB), 2022 WL 18401941, at *8 (D. Minn. Oct. 26, 2022) (citing *O'Sullivan*, 526 U.S. at 845) (underline omitted), *report and recommendation adopted*, 2023 WL 359601 (D. Minn. Jan. 23, 2023); *Favors v. Jesson*, 13-cv-108 (JRT/LIB), 2013 WL 4052668, at *2 (D. Minn. Aug. 9, 2013) ("To satisfy the exhaustion requirement, the petitioner 'must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'") (quoting *Baldwin v. Reese*, 541

U.S. 27, 29 (2004)). When a state court remedy is still available for the unexhausted claim, "the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in" *Rhines v. Weber*, 544 U.S. 269 (2005). *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

"However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state court would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state law-ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstration cause and prejudice for the default[.]'" *Id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)); *see also Vann v. Smith*, 13-cv-893 (SRN/JSM), 2015 WL 520565, at *5 (D. Minn. Feb. 9, 2015) (noting that when a claim is not fully exhausted but there is a state procedural rule prohibiting exhaustion, that "the claim is not truly unexhausted but rather, it has been procedurally defaulted") (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal quotations omitted)

Such a state procedural rule applies here because Mr. Anderson raised an ineffective assistance claim on appeal to the Minnesota Court of Appeals but did not raise any such claim before the Minnesota Supreme Court. *Anderson*, 2022 WL 1132054, at *1; *see also* (ECF No. 1-1 at 3). That longstanding procedural rule under Minnesota law—known as the "*Knaffla* rule"—dictates that "a petition for postconviction relief raising claims that were raised on direct appeal, or were known or should have been known but were not raised at the time of the direct appeal, are procedurally barred." *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (1976)). Courts have repeatedly cited the *Knaffla* rule as grounds for holding a petitioner's unexhausted claim is procedurally defaulted. *See, e.g.*, *Murphy v. King*, 652 F.3d

7

845, 848–51 (8th Cir. 2011) (holding a habeas petitioner was procedurally barred from raising a claim he failed to exhaust to the Minnesota Supreme Court because it was *Knaffla*-barred); *Murray v. Hvass*, 269 F.3d 896, 898–900 (8th Cir. 2001) (dismissing an ineffective assistance of counsel claim the petitioner failed to raise in his first appeal in state court because the *Knaffla* rule applied by the state postconviction court was an independent and adequate state ground for denying relief).

There are two exceptions to the *Knaffla* rule. The rule does not apply: (1) if the claim is novel; or (2) the interests of fairness or justice warrant relief. *Andersen*, 830 N.W.2d at 8 (citation omitted). Neither of these exceptions applies here. First, this claim is not novel. The facts underlying Mr. Anderson's ineffective assistance of counsel claim were known at the time of the March 26, 2021 hearing on his motion to withdraw his guilty plea. Indeed, Mr. Anderson made the same arguments at that hearing that he argues here, namely, that his counsel encouraged him to lie when he entered his plea (ECF No. 1-3 at 2–6). Second, Mr. Anderson has not identified any reason why the interests of fairness or justice warrant an exception to the *Knaffla* rule in this case. He had a full and fair opportunity to argue his claims on appeal, and he was represented throughout his appeals by counsel whose adequacy he does not question, but he chose not to raise an ineffective assistance of counsel claim in his petition to the Minnesota Supreme Court for review. (*See* ECF No. 1-1.) Based on this record, the Court concludes Mr. Anderson's claim is now barred under *Knaffla* and he is unable to fully exhaust his ineffective assistance of counsel claim to the Minnesota Supreme Court. *See, e.g.*, *Hageman v. State*, 2022 WL 664850, at *1 (Minn. Ct. App. Feb. 28, 2022) ("Because Hageman raised an ineffective-assistance-of counsel claim in his direct appeal and therefore knew or should have known of the claims he presented in his postconviction petition, any claim of ineffective assistance of counsel is *Knaffla*-barred.") (citing

*Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008)).  For these reasons the Court concludes Mr. Anderson's ineffective assistance claim is procedurally defaulted.

If a habeas claim is procedurally defaulted, the federal habeas court must dismiss the petition unless the petitioner "can show cause for the default and actual prejudice as a result of the alleged law violation, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  Mr. Anderson offers no explanation for the omission of his ineffective assistance claim from his petition to the Minnesota Supreme Court.  He has not argued any cause—much less good cause—for the procedural default.

Furthermore, the Court cannot find on this record that a failure to consider Mr. Anderson's claims would result in "fundamental miscarriage of justice."  Had he not procedurally defaulted this claim he would be required to establish that the state trial and appellate courts decisions to reject his ineffective assistance of counsel claim were either contrary to clearly established Federal law or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.  The Court finds no basis to conclude Mr. Anderson has met this high bar.  As the trial court pointed out, Mr. Anderson received an exceptionally good plea agreement under the circumstances, and while it is apparent Mr. Anderson later had second thoughts, he asserts no grounds to conclude that "but for counsel's errors, he would have not pleaded guilty and instead insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  For these reasons the Court does not believe the failure to consider the claim will result in a fundamental miscarriage of justice and accordingly recommends Mr. Anderson's Petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Respondent's Motion to Dismiss (ECF No. [10]) be **GRANTED** and Mr. Anderson's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. [1]) be **DENIED**.

Dated: June 27, 2023    *s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).